**Myrtle M. KILMER, Appellant**
**(Plaintiff below),**

v.

**Foster B. KILMER, Appellee**
**(Defendant below).**

**No. 3407.**

Supreme Court of Wyoming.

July 20, 1965.

Tosh Suyematsu, of Miller, Suyematsu, Crowley & Duncan, Cheyenne, for appellant.

Maxwell E. Osborn, of Pattno, Osborn, Lynch, Smith & Norris, Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

The parties were married December 18, 1951, and on September 16, 1964, the appellant was granted a decree of divorce by the district court which awarded her $250 attorney's fee, an equity in a Buick automobile which was shown to amount to $900, furniture valued at $5,000, and a one-half interest in a $4,000 equity in the home which belonged to the parties. The decree, however, also provided that the appellant must pay for purchases which she made after the divorce proceeding was instituted and which amount to $2,349, and the decree especially denied the wife any other payment as alimony.

The appellant claimed she entered the marriage with $30,000 of which $16,000 was in cash, but the balance was only represented by a car, three lots, furniture and appliances, the specific value of which items was not shown in the record. It also appears the appellant had loaned her son $11,000, and that she possessed a property equity of about $6,400, which together with the son's debt to her totalled $17,400 as her assets. Nevertheless she borrowed $5,000 from a Colorado bank after the divorce action was started, notwithstanding the husband had paid to her or on her behalf approximately $4,500 from the time the divorce proceeding was instituted to the date of the final decree.

No showing was made of the appellee's assets at the time of the marriage, and the appellant testified she did not know what his assets were at that time. The husband earned approximately $69,000 during the last four years of the marriage, and, as far as the record shows, there were no assets remaining at the time of the divorce which represented any part of this $69,000, so the

conclusion is inevitable that these earnings were all expended during the period the parties lived together as man and wife.

It seems apparent from these figures that the appellant since the divorce proceedings were instituted and while she was living alone had available to her in a year's time $9,500, and during the marriage when the parties were living together they had spent over $69,000 produced by the husband's earnings.

In the face of this financial picture all the court gave to the husband by the decree was a $700 equity in a pickup truck which he used in his business and a $2,000 equity in the home of the parties.

The sole issues presented by this appeal are whether the allocation of the property equities and the debts between the parties and the court's failure to give the wife anything further as alimony was an abuse of judicial discretion. We think not as there was ample evidence to support the awards made by the decree. While evidence of the manner in which the parties lived so that they ended up with such meager assets is absent, the extravagance of the wife, as indicated by her having had for her sole benefit while living alone during the one-year period during which the divorce action was pending at least the sum of $9,500, may supply the answer.

The judgment is affirmed.